UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAMIEN DEMOND BROWN**                                     **CIVIL ACTION**

**VERSUS**                                                  **NO. 08-4750**

**ORAL SURGEON JOHN REID, ET AL.**                          **SECTION: "D"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Damien Demond Brown, a state pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Dr. John Reid and the Earl K. Long Regional Medical Center. Plaintiff complains that he was injured as a result of Dr. Reid's carelessness during an operation.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that this civil action should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

In the complaint, plaintiff states his claim as follows:

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

> On Sept. 25 2008 I was transported to Earl K. Long Medical Center, by St. Tammany Parish Transport officers for the jail. Approx 10:00 AM John Reid and his assistance had put me to sleep to perform oral surgery, meaning to remove 4 wisdom teeth out my mouth 2 on bottom and 2 on top. During the procedure Mr. John Reid carelessly operated a Device that was extremely hot. Due to careless operation by Mr. John Reid I now suffer from pain as well permanent scar on the right bottom lip.

Even if the Court assumes that this action was filed in the proper venue, which appears doubtful,[3] plaintiff's claims are nevertheless still clearly subject to dismissal on other grounds.

### Earl K. Long Medical Center

It is unclear from the complaint whether plaintiff intended to name the Earl K. Long Regional Medical Center as a separate defendant in this lawsuit. However, to the extent that was his intention, this Court has no jurisdiction over a claim against that defendant.

The Earl K. Long Regional Medical Center is a state-operated general hospital in Baton Rouge, Louisiana. La.Rev.Stat.Ann. § 40:2002.6. Because the hospital is operated by and is an alter ego of the State of Louisiana, it is entitled to sovereign immunity under the Eleventh Amendment

---

[3] Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined pursuant to 28 U.S.C. § 1391, the general venue statute. See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972), aff'd, 480 F. 2d 805 (5th Cir. 1973); Nevers v. Claiborne Parish Detention Center, Civ. Action No. 08-4083, 2008 WL 4104352, at *1 (E.D. La. Aug. 29, 2008). The general venue statute at 28 U.S.C. § 1391(b) provides in pertinent part as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

It is not apparent from the face of the complaint that a defendant resides or can be found in this district. Moreover, the events or omissions giving rise to plaintiff's claims occurred in Baton Rouge, Louisiana, which is located outside the geographical boundaries of this district.

to the United States Constitution. See Darlak v. Bobear, 814 F.2d 1055, 1059-60 (5th Cir. 1987); Thomason v. Medical Center of Louisiana, Civ. Action No. 99-3734, 2001 WL 839030 (E.D. La. July 23, 2001); Brown v. Foti, Civ. Action No. 94-1659, 1996 WL 271639, at *2 (E.D. La. May 21, 1996); Helire v. Foti, Civ. Action No. 91-1364, 1991 WL 255379 (E.D. La. Nov. 19, 1991). Because sovereign immunity deprives the Court of jurisdiction, claims barred by sovereign immunity should be dismissed without prejudice. Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

## Dr. John Reid

Plaintiff filed this lawsuit on a form to be used by prisoners filing claims pursuant to 42 U.S.C. § 1983, a federal statute which "creates a private right of action for redressing violations of federal law by those acting under color of state law." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).[4] The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).

---

[4] Specifically, § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Even if the Court assumes that Dr. John Reid is a state actor based on his apparent affiliation with the Earl K. Long Regional Medical Center, plaintiff's claim against Dr. Reid implicates no federal constitutional right. As noted, plaintiff alleges that Dr. Reid "carelessly operated" a medical device during surgery and, as a result, plaintiff was injured. At best, that allegation states a claim for negligence or medical malpractice. It is clear that allegations of negligence or malpractice alone are never sufficient to state a federal constitutional claim for inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999). Rather, claims of negligence or malpractice are ones for the state courts, not a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976).

To the extent that plaintiff perhaps also meant to assert state law claims in this proceeding, the Court should decline to exercise supplemental jurisdiction over any such claims if all of the federal claims are dismissed. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass, 180 F.3d at 246 ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Earl K. Long Regional Medical Center be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

It is **FURTHER RECOMMENDED** that plaintiff's federal civil rights claims against Dr. John Reid be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims against Dr. John Reid be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventh day of November, 2008.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**